FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN LIMACHER,<br><br>Defendant. | No. 2:22-CR-00052-TOR-6<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT AND DETENTION HEARING<br><br>**MOTION DENIED**<br>**(ECF No. 47)** |

On May 6, 2022, the Court held a hearing for Defendant AUSTIN LIMACHER's initial appearance and arraignment based on an Indictment. Defendant appeared in custody represented by Attorney Sandy Baggett. Assistant U.S. Attorney Patrick Cashman represented the United States. U.S. Probation Officer Cassie Lerch was also present.

Defendant was advised of, and acknowledged, his rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf.

The United States moved for Defendant's detention, **ECF No. 47**, and Defendant requested a detention hearing be held on this date.

U.S. Probation Officer Cassie Lerch was sworn and testified regarding her work to prepare a pretrial services report. Officer Lerch noted that due to time constraints, the pretrial services report was not yet in written form, but her testimony included the material facts of her recommendation that there are release

ORDER - 1

conditions that the Court can impose that would reasonably assure Defendant's appearance at future hearings and reasonably assure the safety of the community. The United States and Defendant, through counsel, made factual proffers and offered argument. Following Officer Lerch's testimony, the United States withdrew its Motion for Detention, **ECF No. 47**.

Based on the United States' withdrawal of its Motion for Detention, ECF No. 47, and the testimony of U.S. Probation Officer Lerch, the Court finds the release conditions set forth below are appropriate. In particular, the Court notes Defendant has no criminal history, Defendant currently has a positive service record in the United States Air Force, Defendant has a suitable release address, and the Court understands Defendant will face de facto additional supervision by the United States Air Force while Defendant is performing his Air Force duties during the pendency of this case.

**IT IS ORDERED:**

1. The United States Motion for Detention, **ECF No. 47**, is **DENIED AS MOOT**.

2. Defendant is ordered to appear at all future proceedings in this case and Defendant is released on the following conditions of pretrial release:

**STANDARD CONDITIONS OF RELEASE**

**(1)** Defendant shall not commit any offense in violation of federal, state, local (including tribal) law, or United States Military Law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer, with the exception of the United States Air Force. Defendant shall comply with all conditions of supervision imposed by other courts, which includes military courts.

ORDER - 2

**(2)** Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address or phone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)** Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements and any travel documents and/or passport for any country.

### ADDITIONAL CONDITIONS OF RELEASE

**(11)** Defendant shall remain in the Eastern District of Washington while the case is pending.

ORDER - 3

**(12)** Defendant shall avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a defendant, victim or potential witness in the subject investigation or prosecution. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(13)** Defendant shall avoid all contact, direct or indirect, with known felons. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(14)** There shall be no firearms in the home where Defendant resides.

## HOME CONFINEMENT

**(15)** Defendant shall participate in the following home confinement program:

**Home detention**: Defendant shall be restricted to his residence at all times except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Office or supervising officer, including but not limited to employment, religious services, medical necessities, substance abuse testing or treatment, or mental health treatment.

If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED**.

DATED May 9, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4