Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 2:22-CR-00052-TOR-6 |
|---|---|
| Plaintiff, | |
| v. | United States' Sentencing Memorandum |
| AUSTIN LIMACHER, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following Sentencing Memorandum. The United States recommends the Court sentence the Defendant to a term of 6 months incarceration, followed by 3 years of supervised release. A sentence of 6 months incarceration is a reasonable sentence that is no greater than necessary to meet the interests of federal sentencing principles.

I. Background

The United States relies on the facts provided in the plea agreement and the United States Probation Office's (USPO) Pre-Sentence Investigation Report (PSIR) and Addendum. (ECF Nos. 235, 250, 251). The United States reserves the ability to

United States' Sentencing Memorandum - 1

present additional facts as necessary at the sentencing hearing to address any of the Court's concerns.

## II. Base Offense Level & Enhancements

The United States concurs with the USPO's calculation of an adjusted offense level of 15. ECF No. 250, ¶79. The United States further concurs the Defendant's Criminal History Category is a I. *Id*. Accordingly, the Defendant's advisory guideline range is properly calculated at 18 to 24 months. *Id.*

## III. Defendant's PSIR Objections

The Defendant did not file objections to the PSIR.

## IV. Departures

The United States submits the Court should grant a downward departure, consistent with sentences previously given in this matter and sentence the Defendant to 6 months incarceration and 3 years of supervised release.

## V. 18 U.S.C. § 3553(a)

When applying the 18 U.S.C. § 3553(a) factors, a sentence of 6 months and three-years supervised release is appropriate. The United States submits, under the circumstances of this case, a 6-month sentence is fair and no greater than necessary to satisfy the interests of federal sentencing principles and consistent with other sentences previously ordered for co-defendants.

a. Nature, Circumstances, and Seriousness of the Offense:

The nature and circumstances of this case warrant a 6-month sentence. The Defendant's acts in this case are serious and egregious. The Defendant used his position to obtain a significant amount of military ammunition for his own personal use. Additionally, the Defendant as a non-commissioned officer set a terrible example for his peers and subordinates. Most specifically, the Defendant influenced co-Defendant Pierce and brought him into the conspiracy to steal ammunition. At its roots, the Defendant's actions undermined the good order and discipline of the force and seriously impacted the image of the United States Air Force to the public. The

United States' Sentencing Memorandum - 2

actions of the Defendant, and his co-Defendants, undermined the trust and confidence the taxpayers place in our servicemembers.  In short, the Defendant's greed was not limited to simply impacting the ammunition stores of his unit but hurt the image and stature the United States Air Force as a whole in the eyes of the public. The nature, circumstances, and seriousness of this offense warrants a sentence of 6 months.

Moreover, the Defendant's criminal acts were not limited to stealing U.S. government property. Indeed, the Defendant's possession of stolen ammunition charges are being dismissed pursuant to the plea agreement in exchange for his plea of guilty to possessing multiple unregistered silencers.

Accordingly, when considering the totality of the nature, circumstances, and seriousness of the Defendant's actions, a 6 month sentence of incarceration is reasonable and appropriate to reflect the gravity of the Defendant's criminal acts.

    b.  Characteristics and Criminal History of Defendant:

The Defendant has no criminal history aside from the current conviction.  The Defendant also had previously served in the United States Air Forces until his arrest on these criminal offenses.  As a result of this conviction, he was administratively separated from the United States Air Force with an other than honorable characterization of service.  The Defendant has derived a benefit from the United States pursuing this matter criminally rather than the United States Air Force.  Had the Defendant been convicted at courts-martial, he could have been sentenced to a punitive discharge up to a dishonorable discharge, which carries greater impact on his future potential benefits from the Department of Veterans Affairs.  While the Defendant's lack of criminal history weighs in his favor, it does not substantially outweigh the seriousness of his offense.  Therefore, the United States maintains an appropriate sentence includes 6 months of incarceration.

    c.  Public Safety, Deterrence, and Consistency of Sentences:

A sentence of 6 months incarceration is appropriate to protect the public and meet the interests of general and specific deterrence.  A sentence of 6 months will

ensure the public knows engaging in criminal acts such as these are met with significant consequences.

  d. Rehabilitation and Programming

  The Defendant has obtained additional education and certifications pending his sentencing. However, there may be other educational and vocational programming available in Bureau of Prisons for the Defendant. The Defendant does not appear to suffer from alcohol or controlled substance addiction, therefore rehabilitative programming of that nature would not be beneficial to the Defendant. This factor is neutral in fashioning an appropriate sentence.

  Moreover, the Defendant should be sentenced to a term of 3 years supervised release. This will provide the Defendant the proper amount of supervision and opportunity to obtained employment and services with the assistance of a USPO.

  Accordingly, the United States recommends the Court impose a sentence of 6 months imprisonment followed by 3 years of supervised release.

  Dated: November 22, 2023.

            Vanessa R. Waldref
            United States Attorney

            *s/ Patrick J. Cashman*
            Patrick J. Cashman
            Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sandy Baggett

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney
